Edwin F. McPherson – State Bar No. 106084
emcpherson@mcpherson-llp.com
Pierre B. Pine – State Bar No. 211299
ppine@mcpherson-llp.com
**McPHERSON LLP**
1801 Century Park East
24th Floor
Los Angeles, CA 90067
Tel:(310)553-8833
Fax:(310)553-9233

Attorneys for Plaintiff PAUL D. BEAUREGARD p/k/a DJ PAUL

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. BEAUREGARD p/k/a DJ PAUL, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TRAVIS SCOTT, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **PRELIMINARY AND PERMANENT INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PAUL BEAUREGARD p/k/a DJ PAUL (hereinafter "Plaintiff") hereby alleges as follows:

## INTRODUCTION

1.　Travis Scott, in his track entitled "No Bystanders," blatantly and egregiously infringed the copyright of Plaintiff's song entitled "Tear Da Club Up" (and "Tear Da Club Up '97"). In "No Bystanders," there is a very distinctive chant of: "fuck da club up; fuck da club up," which is clearly the "hook" of the track. Although this chant on Scott's recording therefore does not include the exact lyrics of the chant in "Tear Da Club Up" or "Tear Da Club Up '97," the cadence and sound are virtually identical and strikingly similar. Moreover, when Scott recently performed "No

– 1 –

Complaint

Bystanders" at the Grammys, the chant that he used for much of the performance was exactly "tear da club up." This blatant infringement of Plaintiff's copyright should not be allowed, and must be stopped.

## PARTIES

2. Plaintiff PAUL D. BEAUREGARD p/k/a DJ PAUL (hereinafter "Plaintiff") is, and at all times herein mentioned was, an individual, residing in the State of California, County of Los Angeles. Plaintiff is a well-known American rapper, record producer, DJ, songwriter, and entrepreneur, and a founding member of Three 6 Mafia.

3. Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendant Travis Scott (hereinafter "Scott") is, and at all times herein mentioned was, an individual, residing in the State of California, County of Los Angeles.

4. Plaintiff is informed and believes and, based upon such information and belief, alleges that DOES 1 through 5 are, and at all times herein mentioned were, corporations, partnerships, or other business entities, which were and are legally responsible and liable for the acts, omissions, and events referred to in this Complaint.

5. Plaintiff is informed and believes and, based upon such information and belief, alleges that DOES 6 through 10 are, and at all times herein mentioned were, individuals, who were and are legally responsible and liable for the acts, omissions, and events referred to in this Complaint.

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said Defendants under such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.

7. Plaintiff is informed and believes and, based on such information and belief, alleges that Defendants, and each of them, are, and at all times herein mentioned were, the alter-egos, agents, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at

1  all times herein mentioned were, acting within the course and scope of that agency,
2  employment, partnership, conspiracy, ownership, or joint-venture.  Plaintiff is further
3  informed and believes and, based upon such information and belief, alleges that the acts
4  and conduct herein alleged of each such Defendant were known to, authorized by, and/or
5  ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

8.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) because federal questions presented herein arise under the United States Copyright Act, 17 U.S.C. Sections 101 *et seq*.

9.  This Court has personal jurisdiction over Defendants because the events giving rise to this claim occurred in the Central District of California, and all Defendants have purposefully directed either advertising, sales, distributions, performances, or digital transmissions of their recordings, including the infringing work to citizens and consumers of California.

10.  Venue is proper in this District pursuant to 28 U.S.C. Section 1391 and 1400, in that the conduct hereinafter described has been and is presently being carried out and made effective, in substantial part, within the boundaries of the Central District of California, and Defendants transact business and are present in the Central District of California.

## FACTUAL ALLEGATIONS

11.  Plaintiff co-wrote and performed (as Three 6 Mafia) song/tracks entitled "Tear Da Club Up" and "Tear Da Club Up '97."  The tracks were released in or about 1995 and 1997, respectively, the latter released on the Three 6 Mafia album entitled "Chapter 2: World Domination," which is a Recording Industry Association of America (hereinafter "RIAA") gold-certified album, having sold over 800,000 copies in the United States.

12. Plaintiff is informed and believe and, based upon such information and belief, alleges that the infringing work, a Travis Scott song/track entitled "No Bystanders," was released on or about August 3, 2018, on the album entitled "Astroworld."

13. The infringing work "No Bystanders" has garnered over 6,293,857 streams on www.YouTube.com. The album entitled "Astroworld" debuted at No. 1 on the Billboard 200, and on January 31, 2019, "Astroworld" was certified Double Platinum by the RIAA, having sold over two million units.

14. The hook of "No Bystanders" is a chant that is virtually identical to the chant of the chorus of "Tear Da Club Up" and "Tear Da Club Up '97" that was co-written by Plaintiff, and is repeated throughout "No Bystanders."

15. Defendants did not seek or receive any authorization or permission to use any portion of "Tear Da Club Up" or "Tear Da Club Up '97" from Plaintiff or any other owner of the rights to the composition or the sound recording.

16. Plaintiff made numerous attempts to resolve this matter short of litigation, but such efforts were unsuccessful due to Defendants' unwillingness to cooperate or accept responsibility for his blatant infringement of Plaintiff's copyright.

### FIRST CLAIM FOR RELIEF
**(For Copyright Infringement – Against All Defendants)**

17. Plaintiff adopts, re-alleges, and by this reference incorporates, Paragraphs 1 through 17 inclusive, hereinabove.

18. Plaintiff is the legal and beneficial owner of the composition entitled "Tear Da Club Up" (and "Tear Da Club Up '97") which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002161295.

///
///

19. Defendants, and each of them, had access to the "Tear Da Club Up" and "Tear Da Club Up '97," due to the widespread dissemination of the songs/tracks.

20. Defendants have produced, reproduced, and prepared derivative works based upon, and distributed, a portion of the composition of "Tear Da Club Up" (and "Tear Da Club Up '97") in their work entitled "No Bystanders," without the permission of Plaintiff or any other owner of the rights to such song/track.

21. Defendants' unauthorized reproductions, distributions, public performances, and/or digital transmissions of "No Bystanders," as alleged above, each constitute an infringement of Plaintiff's rights in and to the composition "Tear Da Club Up" (and "Tear Da Club Up '97").

22. The foregoing acts of copyright infringement have been willful and intentional.

23. As a direct and proximate result of the Defendants' infringement of Plaintiff's copyright, as alleged herein, Plaintiff has been damaged in the amount of at least $20 Million, together with interest thereon at the legal rate. When Plaintiff ascertains the exact amount of said damages, he will seek leave of Court to amend this Complaint to set forth said amount.

24. In accordance with 17 U.S.C. Section 504, as a further direct and proximate result of the foregoing copyright infringement by Defendants, and each of them, Plaintiff is also entitled to recover all profits earned by Defendants, and each of them, which are attributable to the infringement of the copyright of the music.

25. As a further direct and proximate result of the foregoing copyright infringement by Defendants, and each of them, Plaintiff has been compelled to retain the services of an attorney in order to prosecute his rights under the Copyright Act. As a result, Plaintiff has incurred and will continue to incur substantial attorneys' fees. In accordance with 17 U.S.C. Section 505, Plaintiff is entitled to an award of its reasonable attorneys' fees.

///

## SECOND CLAIM FOR RELIEF

## (For Temporary, Preliminary, and Permanent Injunction --

## Against All Defendants)

26. Plaintiff adopts, realleges, and by this reference incorporates, Paragraphs 1 through 18, inclusive, and 20 through 24, inclusive, hereinabove.

27. The wrongful acts and conduct of Defendants, and each of them, constitute a serious and substantial violation of Plaintiff's rights under the laws of the United States.

28. Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendants' conduct, including, but not limited to, the foregoing, has caused and will cause irreparable injury to Plaintiff, which injury will continue as long as Defendants continue to exploit "No Bystanders," and otherwise infringe Plaintiff's copyright. Such injury will be severe, substantial and continuing, and cannot be reasonably or adequately measured or compensated for by money damages alone.

29. Unless Defendants, and each of them, are preliminarily and permanently enjoined from any further exploitation of "No Bystanders," and any other use of Plaintiff's copyright, Plaintiff will be irreparably and permanently injured.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**AS TO THE FIRST CLAIM FOR RELIEF:**

1. For Defendants to be required to pay to Plaintiff such actual damages as the Plaintiff has sustained, and will sustain, in consequence of Defendants' infringement, in accordance with to 17 U.S.C. Section 504(b);

2. For an accounting by Defendants, and each of them, of all gains, profits and advantages derived by them, based upon their infringement of Plaintiff's copyright;

///

      3. For all profits earned by Defendants, and each of them, which are attributable to the infringement of the copyright in and to Tear Da Club Up, which profits Plaintiff expects to be in excess of $20 Million;

      4. For Defendants, and each of them, and their agents, servants, employees and all parties in privity with them to be enjoined preliminarily and permanently from directly or indirectly using the composition and/or sound recording of "Tear Da Club Up" and/or "Tear Da Club Up '97," or any other work derived in any way therefrom, in any manner which infringes upon the copyright in and to said work;

      5. For an Order requiring Defendants, and each of them, to deliver up to be impounded during the pendency of this action, or to be destroyed, all copies of the sheet music;

      6. For a finding that Defendants' infringements were willful, in accordance with 17 U.S.C. Section 504(c)(2);

**AS TO THE SECOND CLAIM FOR RELIEF:**

      7. For a temporary, preliminary, and permanent injunction precluding Defendants, and each of them, and their agents, servants, employees, subsidiaries, affiliates, officers, directors, representatives, attorneys, successors, and assigns, and anyone acting in concert with them, from:

         a. Selling, attempting to sell, causing to be sold, permitting any other individual or entity to sell, copying, reproducing, publishing, disseminating, distributing, circulating, promoting, marketing, and/or advertising "No Bystanders";

         b. Selling, attempting to sell, causing to be sold, permitting any other individual or entity to sell, copying, reproducing, publishing, disseminating, distributing, circulating, promoting, marketing, and advertising of all advertising, promotional material, or packaging referring to "No Bystanders"; and

///

///

c. Using any portion of the composition or sound recording of "Tear Da Club Up" (and "Tear Da Club Up '97"), or otherwise infringing, directly or indirectly, Plaintiff's copyright, in any manner.

**AS TO ALL CLAIMS FOR RELIEF:**

8. For reasonable attorneys' fees and costs in an amount to be proved at trial, in accordance with 17 U.S.C. Section 505; and

9. For such other and further relief as the Court deems just and proper.

DATED: April 23, 2019         Edwin F. McPherson
                              Pierre B. Pine
                              **McPHERSON LLP**


                              By: */s/ Edwin F. McPherson*
                              EDWIN F. McPHERSON
                              Attorneys for Plaintiff
                              PAUL D. BEAUREGARD p/k/a
                              DJ PAUL

## **DEMAND FOR JURY TRIAL**

Plaintiff PAUL D. BEAUREGARD p/k/a DJ PAUL hereby demands a jury trial of this action.

DATED: April 23, 2019

Edwin F. McPherson
Pierre B. Pine
**McPHERSON LLP**


By: */s/ Edwin F. McPherson*
　　EDWIN F. McPHERSON
　　Attorneys for Plaintiff
　　PAUL D. BEAUREGARD p/k/a
　　DJ PAUL